94 F.3d 642
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shawn William ARNOLD, Defendant-Appellant.
 No. 95-5277.
 United States Court of Appeals, Fourth Circuit.
 Aug. 14, 1996.
 
 Jane Charnock, CHARNOCK & CHARNOCK, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Philip J. Combs, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 Before LUTTIG and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Shawn William Arnold pled guilty to conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. § 846 (West Supp.1996), and was sentenced to a term of 70 months imprisonment. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but asserting that, in her view, there are no meritorious issues for appeal. Arnold was notified of his right to file a pro se supplemental brief, but has not filed one.
 
 
 2
 The issues raised by counsel are without merit. Arnold's prosecution was not barred by the Double Jeopardy Clause because he had previously forfeited in state court the cash he was carrying when he was arrested.* Even if the forfeiture was punitive, federal and state governments may prosecute a defendant for the same conduct without violating the dual sovereignty doctrine, United States v. Pena, 67 F.3d 153, 156 (8th Cir.1995) (citing Heath v. Alabama, 474 U.S. 82, 89 (1985)), unless one sovereign is merely acting as a tool of the other. Pena, 67 F.3d at 156; see also Bartkus v. Illinois, 359 U.S. 121, 123-24 (1959). There was no showing here that federal officials were manipulated by state officials in prosecuting Arnold.
 
 
 3
 Arnold admitted that when he was arrested he was selling crack in partnership with co-defendant Florinda Johnson and had done so on previous occasions. The district court did not clearly err in holding him accountable for the 3.9 grams of crack seized from her as well as the 19 grams found near him when a search warrant was executed at the apartment they were using as a base of operations. United States Sentencing Commission, Guidelines Manual, § 1B1.3(a)(1) (Nov.1994) (relevant conduct includes acts aided and abetted by defendant and reasonably foreseeable acts of others in furtherance of conspiracy). Moreover, Arnold withdrew his objection to the base offense level calculation at sentencing.
 
 
 4
 Arnold committed the instant offense within two years of his release from a prior sentence of imprisonment. Two points were correctly added to his criminal history score under USSG § 4A1.1(e).
 
 
 5
 In accordance with Anders, we have examined the entire record in this case and find no meritorious issues for appeal. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The record does not reflect whether the West Virginia forfeiture proceeding was civil or criminal